**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 02-7850

MARK ANTHONY GRAHAM,

Petitioner - Appellant,

versus

GENE M. JOHNSON, Director, Virginia Department
of Corrections,

Respondent - Appellee.

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke. Jackson L. Kiser, Senior District
Judge. (CA-01-466-7)

Submitted: August 7, 2003          Decided: August 28, 2003

Before WIDENER, TRAXLER, and SHEDD, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Mark Anthony Graham, Appellant Pro Se. John H. McLees, Jr., OFFICE
OF THE ATTORNEY GENERAL OF VIRGINIA, Richmond, Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Mark Anthony Graham seeks to appeal the district court's order dismissing his habeas petition. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Director, Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on September 30, 2002. The notice of appeal was filed on November 25, 2002.* Because Graham failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

* For the purpose of this appeal, we assume the date appearing on the notice of appeal is the earliest date it could have been properly delivered to prison officials for mailing to the court. See Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

2